# In the United States Court of Federal Claims

No. 19-826

(Filed: June 13, 2019)

```
******************************** *
                                 *
EDWIN CORTES,                    *
                                 *
                                 *
            Plaintiff,           *
                                 *
v.                               *
                                 *
UNITED STATES,                   *
                                 *
            Defendant,           *
                                 *
******************************** *
```

## DISMISSAL ORDER

WHEELER, Judge.

On May 24, 2019, *pro se* plaintiff Edwin Cortes filed a complaint in this Court requesting injunctive relief and money damages for various alleged violations of his constitutional rights. Pursuant to its inherent authority, this Court *sua sponte* DISMISSES Mr. Cortes' complaint for failure to state a claim on which relief can be granted and lack of subject-matter jurisdiction.

## Background

Mr. Cortes is a Scottsdale, Arizona resident who alleges various "Procedural Due Process, and Fair Procedure" claims based on the United States Constitution stemming from his arrest for harassment by communication on December 12, 2018. Compl. at 2; Compl. Ex. 5 at 7, 10. On that date, after Mr. Cortes called Scottsdale Police Department Dispatch 26 times, without an emergency and using profane language, officers responded to a disturbance complaint from one of Mr. Cortes' neighbors. Compl. Ex. 5 at 10-11. Officers subsequently arrested Mr. Cortes when it became apparent his disruptive behavior would not stop. Compl. Ex. 5 at 14. The Scottsdale city prosecutor brought multiple charges against Mr. Cortes. Compl. Ex. 6 at 7.

Mr. Cortes claims that the Scottsdale City Court judges and prosecutors violated his constitutional rights over the course of his criminal proceedings. Compl. at 3. In addition, Mr. Cortes claims that his time in jail constituted cruel and unusual punishment and unlawful confinement, and that members of the Scottsdale City Court committed abuse of office and abuse of discretion violations. Compl. at 14-19. He requests that this Court dismiss the Scottsdale City Court case (CR-2018027858) and award him compensatory damages, or remove his pending charges to a federal court for an evidentiary hearing. Compl. at 19.

## Discussion

A.  Failure to State a Claim on Which Relief Can Be Granted

A court may *sua sponte* dismiss a complaint for failure to state a claim if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012). To survive dismissal, the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2009). "*Pro se* plaintiffs are given some leniency in presenting their case," and courts "liberally construe[]" a complaint filed *pro se*. Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (citation omitted).

The Court cannot discern facts on the face of Mr. Cortes' complaint that would support a plausible claim for relief. Mr. Cortes claims that the Scottsdale Police Department and the prosecutor and judge in the Scottsdale City Court actively violated his constitutional rights, yet fails to provide any substantive support for these conclusory allegations. Therefore, the complaint fails to state a claim on which relief can be granted.

B.  Lack of Subject-Matter Jurisdiction

Subject-matter jurisdiction may be challenged at any time by the Court *sua sponte*. Toohey v. United States, 105 Fed. Cl. 97, 98 (2012). In deciding whether it has subject-matter jurisdiction, the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Court holds *pro se* pleadings to a lower standard, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of evidence. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Even if Mr. Cortes stated plausible claims for relief, the Court would lack subject-matter jurisdiction over them. This Court cannot hear claims against local government agents because it can only hear claims against the United States. See Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011). Additionally, except for bid protest cases, this Court only

has jurisdiction over claims against the United States that allege a specific entitlement to monetary relief based upon "money-mandating" provisions of federal law. See Stephenson v. United States, 58 Fed. Cl. 186, 192 (2003).

Mr. Cortes' claims are against the City of Scottsdale, the City of Scottsdale Court, the Scottsdale Prosecutor's Office, and other local government actors in Scottsdale, including the Mayor, judges, and prosecutors. Compl. at 6. All of Mr. Cortes' claims are against city agents, and so do not fall within this Court's jurisdiction to hear claims against the United States. Furthermore, Mr. Cortes' requested relief is essentially a ruling on his pending criminal trial or, alternatively, a jury trial in federal court. Compl. at 19. This Court is not empowered to grant this type of non-monetary relief. Finally, Mr. Cortes' request for money damages is not based on a money-mandating source of law. Therefore, this Court lacks subject-matter jurisdiction over Mr. Cortes' claims.

## Conclusion

For the reasons above, the Court *sua sponte* DISMISSES Mr. Cortes' complaint for failure to state a claim on which relief can be granted and lack of subject-matter jurisdiction. The Clerk is directed to dismiss Plaintiff's complaint without prejudice and enter judgement for the Government. Further, the Court DISMISSES AS MOOT Mr. Cortes' application to proceed *in forma pauperis*.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge